**ORIGINAL**

Attorney or Party Name, Address, Telephone & FAX
Nos., State Bar No. & Email Address
Julius Johnson SBN:96407
The Law Offices of Julius Johnson & Associates, Inc.
2476 N. Lake Ave
Altadena, Ca 91001
Telephone: 626-797-1186
Fax: 626-797-3807

FOR COURT USE ONLY

**FILED**

**NOV 1 4 2014**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

☐ Individual appearing without attorney
☒ Attorney for: Movant Paula Boyd

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION 🔽

In re:
Chin Kun An

CASE NO.:2:11-bk-46346-BB
CHAPTER:7 🔽

### NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362
### (with supporting declarations)
### (ACTION IN NONBANKRUPTCY FORUM)

DATE: 12/09/2014
TIME: 10:00 am
COURTROOM: 1475

Debtor(s).

Movant: Paula Boyd, an individual

1. **Hearing Location:**
   ☒ 255 East Temple Street, Los Angeles, CA 90012        ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                          Page 1                    F 4001-1.RFS.NONBK.MOTION

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 11/12/2014

Law Offices of Julius Johnson & Associates, Inc.
_____
Printed name of law firm (if applicable)

Julius Johnson
_____
Printed name of individual Movant or attorney for Movant

*Julius Johnson*
_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 2                        F 4001-1.RFS.NONBK.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☐ Plaintiff

   b. ☐ Defendant

   c. ☒ Other *(specify):* Cross Complaint

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action:* JS Daughters Corporation vs. Darryl Boyd, an individual et al.

   b. *Docket number:* BC 362165

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending:*
      Los Angeles Superior Court (Stanley Mosk) Department 14

   d. Causes of action or claims for relief (Claims):
      1. Intentional Misrepresentation
      2. Ressions based upon Fraud

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☒ 7  ☐ 11  ☐ 12  ☐ 13
      was filed on *(date)* _____ .

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11☐ 12  ☐ 13
      was entered on *(date)* _____ .

   c. ☐ A plan was confirmed on *(date)* _____ .

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☒ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 3                          **F 4001-1.RFS.NONBK.MOTION**

f. ☐ The bankruptcy case was filed in bad faith.

    (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☐ Other (*specify*):

**5. Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c. ☐ Other (*specify*):

**6. Evidence in Support of Motion: (*Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d. ☒ Other evidence (*specify*):
Please See Attachment "A"

**7. ☐ An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☒ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☐ The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## Attachment "A" Page 4(D)

The debtor herein was the real estate agent handling the sale of a business to the movant herein. He prepared the financial records which were used to induce the movant to purchase the business. These financial records were Fraudulently prepared by the debtor .

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☐ Other relief requested.


Date:  11/12/2014  

The Law Offices of Julius Johnson & Associates, Inc.
_____
Printed name of law firm (*if applicable*)

Julius Johnson
_____
Printed name of individual Movant or attorney for Movant


_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                          Page 5                          F 4001-1.RFS.NONBK.MOTION

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) Paula Boyd _____, declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

    ☒ I am the Movant.
    ☐ I am Movant's attorney of record in the Nonbankruptcy Action.
    ☐ I am employed by Movant as (*title and capacity*):
    ☒ Other (*specify*): See Declaration of Paula Boyd Exhibit "C".

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3.  In the Nonbankruptcy Action, Movant is:

    ☐ Plaintiff
    ☒ Defendant
    ☒ Other (*specify*): Cross Complaintant

4.  The Nonbankruptcy Action is pending as:

    a.  *Name of Nonbankruptcy Action*: JS Daughters Corporation, a California Corporation and Darryl Boyd, an indiv, et al.
    b.  *Docket number*: BC 362165
    c.  *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
        Los Angeles Superior Court( Central District)

5.  **Procedural Status of Nonbankruptcy Action:**

    a.  The Claims are:
        1. Breach of Contract
        2. Intentional Misrepresentation
        3. Negligent Misrepresentation
        4. rescission Based Upon Fraud

    b.  True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit "A".

    c.  The Nonbankruptcy Action was filed on (*date*) 11/17/2006.

    d.  Trial or hearing began/is scheduled to begin on (*date*) 11/17/2014.

    e.  The trial or hearing is estimated to require 5 days (*specify*).

    f.  Other plaintiffs in the Nonbankruptcy Action are (*specify*):
        JS Daughters Corporation

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 6                          **F 4001-1.RFS.NONBK.MOTION**

g.  Other defendants in the Nonbankruptcy Action are (*specify*):
Please See Exhibit "B".

5. **Grounds for relief from stay:**

a.  ☒  Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.  ☐  Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.  ☐  Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):

d.  ☒  The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

   (1) ☒  It is currently set for trial on (*date*)  11/17/2014  .

   (2) ☐  It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____.  The basis for this belief is (*specify*):

   (3) ☒  The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.  ☐  The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

   (1) ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   (2) ☐  The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

   (3) ☐  Multiple bankruptcy cases affecting the Property include:

   (A) Case name:
   Case number:                              Chapter:
   Date filed:            Date discharged:              Date dismissed:
   Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 7                          **F 4001-1.RFS.NONBK.MOTION**

(B) Case name:
　　Case number:　　　　　　　　　　　　Chapter:
　　Date filed:　　　　　Date discharged:　　　　　Date dismissed:
　　Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

(C) Case name:
　　Case number:　　　　　　　　　　　　Chapter:
　　Date filed:　　　　　Date discharged:　　　　　Date dismissed:
　　Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

　　☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

　　☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☐ See attached continuation page for other facts justifying relief from stay.

6. ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/12/2014 | Paula Boyd | _Paula Boyd_ (signature) |
|---|---|---|
| Date | Printed name | Signature |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**EXHIBIT "A"**

G:\GRP\CASES\207-712-02\Pleadings\Boyd Cross-Complaint\4th Amended Cross-Complaint\4th Amended Cross-Complaint.FINAL.doc

# ORIGINAL

1 DAVID B. EPSTEIN, State Bar No. 45109
  MICHAEL R. WEISS, State Bar No. 180946
2 GAIL E. WISE, State Bar No. 240644
  EPSTEIN, TURNER & SONG
3 A Professional Corporation
  777 S. Figueroa Street, Suite 4950
4 Los Angeles, California 90017
  Telephone: (213) 861-7487 ✦ Facsimile: (213) 861-7488
5
6 Attorneys for Defendants and Cross-Complainants,
  DARRYL BOYD and PAULA BOYD

**FILED**
LOS ANGELES SUPERIOR COURT

SEP 29 2008

JOHN A. CLARKE, CLERK

BY AMBER LA FLEUR-CLAYTON, DEPUTY

7

8                    SUPERIOR COURT OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10

11 JS DAUGHTERS CORPORATION, a California )   **Case No. BC362165**
   corporation,                          )   [The Hon. Terry A. Green; Department 14]
12                                        )
                  Plaintiff,              )
13                                        )   *Complaint Filed: November 17, 2006*
         vs.                              )
14                                        )   FOURTH AMENDED CROSS-
   DARRYL BOYD, an individual; PAULA BOYD,)   COMPLAINT FOR:
15 an individual and **DOES 1 TO 20**,    )
                                          )   1. BREACH OF CONTRACT;
16                Defendant.              )   2. INTENTIONAL
                                          )      MISREPRESENTATION;
17 DARRYL BOYD, an individual; PAULA BOYD,)   3. NEGLIGENT
   an individual,                         )      MISREPRESENTATION;
18                                        )   4. RESCISSION BASED UPON
                                          )      FRAUD
19              Cross-Complainants,       )
                                          )
20        vs.                             )
                                          )
21 JS DAUGHTERS CORPORATION, a California )
   corporation; SOMPORN RUNGVIVATJARUS, an)
22 individual; JIRAVAT RUNGVIVATJARUS, an )
   individual (sued herein as "Roe 2"); AMERITY,)
23 INC., a California corporation, dba AMERICA)
   REALTY & INVESTMENT, (sued herein as "Roe)
24 3"); BENJAMIN MOON KANG HUH, an     )
   individual (sued herein as "Roe 4"), CHUNGMAN)
25 HO, an individual, dba AMERICA REALTY &)
   INVESTMENT (sued herein as "Roe 5"), JAMES)
26 KWAK, an individual (sued herein as "Roe 6"); and)
   CK AN, an individual (sued herein as "Roe 7"); and)
27 ROES 8 through 30, inclusive,        )
                                          )
28              Cross-Defendants.         )

Epstein, Turner & Song
A Professional Corporation
777 S. Figueroa Street
Suite 4950
Los Angeles, CA 90017

- 1 -

FOURTH AMENDED CROSS-COMPLAINT FOR 1) BREACH OF CONTRACT; 2) INTENTIONAL MISREPRESENTATION;
3) NEGLIGENT MISREPRESENTATION; 4) RESCISSION BASED ON FRAUD



G:\GRP\CASES\207-712-02\Pleadings\Boyd Cross-Complaint\4th Amended Cross-Complaint\4th Amended Cross-Complaint.FINAL.doc

1    Cross-complainants DARRYL BOYD AND PAULA BOYD allege and cross-

2    complain against cross-defendants, and each of them, as follows:

3                              **THE PARTIES**

4         1.    At all times herein mentioned, cross-complainants Darryl Boyd and Paula

5    Boyd (collectively Cross-Complainants") were and are individuals residing in the County of Los

6    Angeles, State of California.

7         2.    At all times herein mentioned, cross-defendant JS Daughters Corporation

8    ("JS Daughters") was and is a California corporation licensed to do business and doing business

9    in the County of Los Angeles, State of California, with its principal place of business in Los

10   Angeles, California.

11        3.    At all times herein mentioned, cross-defendant Somporn Rungvivatjarus

12   ("Somporn") was and is an individual residing in Los Angeles County, State of California, was

13   and is the owner of JS Daughters and was and is its officer, agent and/or principal.

14        4.    At all times herein mentioned, cross-defendant Jiravat Rungvivatjarus

15   ("Jiravat"), sued herein as "Roe 2," was and is an individual residing in Los Angeles County,

16   State of California, managed the affairs of JS Daughters and was its owner, agent and/or

17   principal.

18        5.    Cross-Complainants are informed and believe and thereon allege that, at all

19   times material herein, JS Daughters was completely dominated and controlled by Somporn and

20   Jiravat, and each of them, such that JS Daughters had no independent identity or existence of its

21   own and its acts were the acts of Somporn and Jiravat, and each of them, such that adherence to

22   the purported separate identities of each or any of them would result in a fraud and injustice to

23   Cross-Complainants.

24        6.    At all times herein mentioned, cross-defendant Amerity, Inc. dba America

25   Realty & Investment ("Amerity"), sued herein as "Roe 3," was and is a corporation existing under

26   the laws of the State of California, doing business under the fictitious business name of America

27   Realty & Investment ("America Realty") in the County of Los Angeles, State of California, with

28   its principal place of business in Los Angeles, California.

Epstein, Turner & Song
A Professional Corporation
777 S. Figueroa Street
Suite 4950
Los Angeles, CA 90017

- 2 -
FOURTH AMENDED CROSS-COMPLAINT FOR 1) BREACH OF CONTRACT; 2) INTENTIONAL MISREPRESENTATION;
3) NEGLIGENT MISREPRESENTATION; 4) RESCISSION BASED ON FRAUD

G:\GRP\CASES\207-712-02\Pleadings\Boyd Cross-Complaint\4th Amended Cross-Complaint\4th Amended Cross-Complaint FINAL.doc

7.    At all times herein mentioned, cross-defendant Benjamin Moon Kang Huh ("Huh"), sued herein as "Roe 4," was and is an individual who, on information and belief, resides in Los Angeles County, State of California, was and is the owner of Amerity, was and is the president of Amerity, and was and is Amerity's owner/agent and/or principal.

8.    Cross-Complainants are informed and believe and thereon allege that, at all times material herein, Amerity was completely dominated and controlled by Huh such that Amerity had no independent identity or existence of its own and its acts were the acts of Huh such that adherence to the purported separate identities of each or any of them would result in a fraud and injustice to Cross-Complainants.

9.    At all times herein mentioned, cross-defendant Chungman Ho ("Ho"), sued herein as "Roe 5," was and is an individual who on information and belief resides in Los Angeles County, State of California, was doing business as America Realty and was and is an officer, agent and/or principal of America Realty, which is and was a dba for Amerity.

10.    At all times herein mentioned, cross-defendant James Kwak ("Kwak"), sued herein as "Roe 6," was and is an individual who on information and belief resides in Los Angeles County and was employed by Amerity as a real estate agent.

11.    At all times herein mentioned, cross-defendant CK An ("An"), sued herein as "Roe 7," was and is an individual who on information and belief resides in Los Angeles County and was employed by Amerity as a real estate agent.

12.    The true names and capacities, whether individual, corporate, associate, partnership or otherwise, of cross-defendants Roes 8 through 20, inclusive, and each of them, are unknown to Cross-Complainants who therefore sue cross-defendants, and each of them, by such fictitious names. Cross-Complainants will ask leave of this Court to amend this Fourth Amended Cross-Complaint to allege their true names and capacities when same have been ascertained.

13.    Cross-Complainants allege that each of the cross-defendants named herein are, in some manner, responsible for the events described herein and the injuries and damages caused thereby and suffered by Cross-Complainants as alleged herein.

Epstein, Turner & Song
A Professional Corporation
777 S. Figueroa Street
Suite 4950
Los Angeles, CA 90017

- 3 -

FOURTH AMENDED CROSS-COMPLAINT FOR 1) BREACH OF CONTRACT; 2) INTENTIONAL MISREPRESENTATION;
3) NEGLIGENT MISREPRESENTATION; 4) RESCISSION BASED ON FRAUD

G:\GRP\CASES\207-712-02\Pleadings\Boyd Cross-Complaint\4th Amended Cross-Complaint\4th Amended Cross-Complaint FINAL.doc

14.    At all times herein mentioned, cross-defendants, and each of them, were acting as the agents, servants, employees, fiduciaries, representatives, partners or co-venturers of the other cross-defendants, and each of them, and in doing the acts described herein were acting with the knowledge, consent and permission express or implied, of each of cross-defendants.

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

### (Against JS Daughters, Somporn, Jiravat and Roes, and each of them)

15.    Cross-Complainants hereby repeat and reallege each and every allegation contained in paragraphs 1 through 14, inclusive, hereinabove and incorporate the same herein by this reference as though fully set forth herein.

16.    On or about July 21, 2005, with amendments, escrow instructions and other documents and agreements occurring thereafter, Cross-Complainants and JS Daughters, Somporn, Jiravat and Roes, and each of them, entered into a written contract in which Cross-Complainants agreed to purchase and JS Daughters, Somporn, Jiravat and Roes, and each of them, agreed to sell a business known as Alondra Coin Laundry & Market and related businesses (the "Business"). The written contract is hereafter referred to as the "Purchase Agreement," a true and correct copy of which is attached hereto and incorporated herein by this reference as Exhibit A.

17.    Pursuant to the terms and conditions of the Purchase Agreement, JS Daughters, Somporn, Jiravat and Roes, and each of them, agreed and represented to Cross-Complainants the following:

a.    That the income and expense statements furnished by JS Daughters, Somporn, Jiravat and Roes, and each of them, were the true and correct income of the Business;

b.    That during the term of the escrow for the purchase and sale of the Business ("Escrow"), JS Daughters, Somporn, Jiravat and Roes, and each of them, would maintain the levels of income which JS Daughters, Somporn, Jiravat and Roes, and each of them, represented to Cross-Complainants were the accurate income of the Business;

c.    That pursuant to the Purchase Agreement as well as stated orally to Cross-Complainants by JS Daughters, Somporn, Jiravat and Roes, and each of them, JS Daughters, Somporn, Jiravat and Roes, and each of them, would train Cross-Complainants in the

- 4 -

FOURTH AMENDED CROSS-COMPLAINT FOR 1) BREACH OF CONTRACT; 2) INTENTIONAL MISREPRESENTATION;
3) NEGLIGENT MISREPRESENTATION; 4) RESCISSION BASED ON FRAUD

G:\GRP\\CASES\207-712-02\Pleadings\Boyd Cross-Complaint\4th Amended Cross-Complaint\4th Amended Cross-Complaint.FINAL.doc

1  operation of the Business for a period of four weeks so that Cross-Complainants would be

2  familiar with the operation of the Business;

3          d.    That JS Daughters, Somporn, Jiravat and Roes, and each of them,

4  would maintain the equipment and assets of the Business during the Escrow in order to preserve

5  the income derived from the operation of the Business;

6          e.    That pursuant to the Purchase Agreement as well as stated orally to

7  Cross-Complainants by JS Daughters, Somporn, Jiravat and Roes, and each of them, JS

8  Daughters, Somporn, Jiravat and Roes, and each of them, would maintain the equipment and

9  assets of the Business in good working order prior to the close of the Escrow and that they, and

10 each of them, would warrant that the equipment would be operational for a period of thirty (30)

11 days following the close of the Escrow; and

12         f.    That pursuant to the Purchase Agreement as well as stated orally to

13 Cross-Complainants by JS Daughters, Somporn, Jiravat and Roes, and each of them, JS

14 Daughters, Somporn, Jiravat and Roes, and each of them, would maintain other assets of the

15 Business during the Escrow in order to preserve the income derived from the income of the

16 Business.

17     18.    On or about July 21, 2005, Cross-Complainants and JS Daughters,

18 Somporn, Jiravat and Roes, and each of them, entered into the Escrow which closed on or about

19 May 4, 2006. At the close of the Escrow, JS Daughters, Somporn, Jiravat and Roes, and each of

20 them, received from Cross-Complainants cash and Promissory Notes in the approximate amount

21 of $895,000.00.

22     19.    JS Daughters, Somporn, Jiravat and Roes, and each of them, breached the

23 terms and conditions of the Purchase Agreement and oral agreements and representations made

24 by them to Cross-Complainants by:

25         a.    Failing to accurately represent to Cross-Complainants the income,

26 expenses and sales of the Business;

27         b.    Failing to maintain the level of income which had been represented

28 to Cross-Complainants;

Epstein, Turner & Song
A Professional Corporation
777 S. Figueroa Street
Suite 4950
Los Angeles, CA 90017

- 5 -

FOURTH AMENDED CROSS-COMPLAINT FOR 1) BREACH OF CONTRACT; 2) INTENTIONAL MISREPRESENTATION;
3) NEGLIGENT MISREPRESENTATION; 4) RESCISSION BASED ON FRAUD

1        c.     Failing and refusing to train Cross-Complainants in the operation of

2  the Business;

3        d.     Failing to maintain the equipment and assets of the Business;

4        e.     Failing to deliver to Cross-Complainants the equipment and assets

5  of the Business in good working order, in that there were considerable deficiencies in the

6  Business' plumbing, washers and dryers, the security system, boiler, TV sets, coin changer,

7  electrical wiring, water purification, tile, panels, laundry room sink and faucet, freezer, electrical

8  security door, freezer shelves, door turn, water coolers and air-conditioning, bathroom appliances

9  and sinks, door handles, office chair, cash register, office equipment, carpeting, refrigeration,

10  gates and ceiling tiles;

11        f.     Failing to deliver to Cross-Complainants equipment and assets of

12  the Business, in that the following equipment and assets of the Business were missing at the time

13  Cross-Complainants took possession of the Business, including but not limited to: 1) Dollar

14  counter; 2) coin changer; 3) washer and dryer parts; 4) a television; 5) a microwave; 6) spare

15  laundry parts; and 7) various office supplies; and

16        g.     Failing to maintain the Business during the Escrow.

17        20.     Cross-Complainants have performed each and every condition required on

18  their part to be performed in accordance with the terms and conditions of the Purchase

19  Agreement, except for matters that are excused as a matter of law and/or excused by breaches of

20  JS Daughters, Somporn, Jiravat and Roes, and each of them.

21        21.     Cross-Complainants have demanded that JS Daughters, Somporn, Jiravat

22  and Roes, and each of them, perform their obligations under the Purchase Agreement and oral

23  agreements and representations, but JS Daughters, Somporn, Jiravat and Roes, and each of them,

24  have failed and refused to perform said obligations.

25        22.     As a direct and proximate result of the breaches of the Purchase Agreement

26  and oral agreements and representations by JS Daughters, Somporn, Jiravat and Roes, and each of

27  them, Cross-Complainants have suffered and continue to suffer damages in an amount according

28  to proof.

Epstein, Turner & Song
A Professional Corporation
777 S. Figueroa Street
Suite 4950
Los Angeles, CA 90017

- 6 -

G:\GRP\CASES\207-712-02\Pleadings\Boyd Cross-Complaint\4th Amended Cross-Complaint\4th Amended Cross-Complaint.FINAL.doc

23.    As a direct and proximate result of the breaches of the Purchase Agreement and oral agreements and representations by JS Daughters, Somporn, Jiravat and Roes, and each of them, Cross-Complainants have incurred attorneys' fees and costs in an amount according to proof, which fees and costs Cross-Complainants are entitled to recover from JS Daughters, Somporn, Jiravat and Roes, and each of them, pursuant to contract.

## SECOND CAUSE OF ACTION FOR INTENTIONAL MISREPRESENTATION

### (Against all Cross-Defendants)

24.    Cross-Complainants hereby repeat and reallege each and every allegation contained in paragraphs 1 through 23, inclusive, hereinabove and incorporate the same herein by this reference as though fully set forth herein.

25.    Cross-Complainants are informed and believe and thereon allege that from at least as early as 2002 until the close of the Escrow, JS Daughters owned the Business, Jiravat managed and operated the Business, and Somporn owned and operated the Business.

26.    Amerity, Huh, Ho, Kwak and An, and each of them, were the brokers and real estate agents for the purchase and sale of the Business. Specifically, Huh was and is the owner and alter ego of Amerity; Amerity and Ho did and do business as America Realty; Kwak and An were and are real estate agents and were employed as real estate agents for Amerity doing business as America Realty; the Purchase Agreement is on America Realty's letterhead; Amerity doing business as America Realty was the Selling Agent and Broker for the purchase and sale of the Business to Cross-Complainants and America Realty is identified as such on the Purchase Agreement; and Kwak and An were the Listing Agents for the purchase and sale of the Business to Cross-Complainants and are identified as such on the Purchase Agreement.

27.    On or about July 21, 2005, and continuing until the close of the Escrow on or about May 4, 2006, cross-defendants, and each of them, made a series of oral and written representations to Cross-Complainants, including cross-complainant Paula Boyd ("Boyd"), in order to induce and did induce Cross-Complainants to purchase the Business. Jiravat and Somporn, and each of them, made the representations as representatives, agents and/or principals of JS Daughters and on behalf of themselves and JS Daughters, and each of them. Kwak and An

Epstein, Turner & Song
A Professional Corporation
777 S. Figueroa Street
Suite 4950
Los Angeles, CA 90017

FOURTH AMENDED CROSS-COMPLAINT FOR 1) BREACH OF CONTRACT; 2) INTENTIONAL MISREPRESENTATION;
3) NEGLIGENT MISREPRESENTATION; 4) RESCISSION BASED ON FRAUD

G:\GRF\CASES\207-712-02\Pleadings\Boyd Cross-Complaint\4th Amended Cross-Complaint\4th Amended Cross-Complaint FINAL.doc

*Brokerage*

1  made the representations as representatives, agents and/or principals of Amerity, America Realty,

2  Huh, Ho, JS Daughters, Jiravat and Somporn, and each of them, and on behalf of themselves and

*Broker*

3  Amerity, America Realty, Huh, Ho, JS Daughters, Jiravat and Somporn, and each of them.

4       28.     The representations made by cross-defendants, and each of them, were the

5  following:

6              a.      In or about July 2005, Kwak and An met with Boyd at the offices of

7  America Realty, at which time Kwak and An gave Boyd a handwritten statement ("Statement"),

8  written by Kwak, showing, among other things, monthly income, expenses and total sales of

9  $62,000, and orally stated to Boyd that the Statement was an accurate financial statement of the

10  monthly income, expenses and sales of the Business. Cross-Complainants do not know which of

11  the cross-defendants provided the information reflected in the Statement; only cross-defendants

12  have this knowledge. The Statement is attached hereto, made a part hereof and incorporated

13  herein by this reference as Exhibit B;

14             b.      In or about July 2005, at the meeting among Boyd, Kwak and An,

15  Kwak and An orally stated to Boyd that they had received the Statement from the seller (i.e., JS

16  Daughters, Jiravat and Somporn) and that the monthly income, expenses and total sales reflected

17  on the Statement could be trusted;

18             c.      On or about July 21, 2005, Cross-Complainants received the

19  Purchase Agreement from cross-defendants, in which the monthly gross sales for the Business

20  was represented to be $21,000, $37,000 and $4,000 for the three separate businesses comprising

21  the Business, for a total of $62,000 for the Business. Cross-Complainants do not know which of

22  the cross-defendants provided the information reflected in the Purchase Agreement; only Cross-

23  defendants have this knowledge;

24             d.      Within several weeks after signing the Purchase Agreement and

25  before the close of the Escrow, cross-defendants provided to Boyd additional records of the

26  Business. The information in the additional records did not match the information provided on

27  the Statement. Kwak, An and Jiravat told Boyd that the Statement accurately reflected the

28

Epstein, Turner & Song
A Professional Corporation
777 S. Figueroa Street
Suite 4950
Los Angeles, CA 90017

- 8 -

FOURTH AMENDED CROSS-COMPLAINT FOR 1) BREACH OF CONTRACT; 2) INTENTIONAL MISREPRESENTATION;
3) NEGLIGENT MISREPRESENTATION; 4) RESCISSION BASED ON FRAUD



G:\GRP\CASES\207-712-02\Pleadings\Boyd Cross-Complaint\4th Amended Cross-Complaint\4th Amended Cross-Complaint FINAL.doc

1  income, expenses and sales of the Business, and that the additional records did not accurately

2  reflect the income of the Business;

3          e.      The Purchase Agreement contained a handwritten statement that the

4  seller (i.e., JS Daughters, Somporn and Jiravat) would train Cross-Complainants for four weeks

5  after the close of the Escrow. On information and belief, Kwak, An, Jiravat and/or Somporn

6  added the statement to the Purchase Agreement and/or directed that it be added to the Purchase

7  Agreement. Cross-Complainants do not know which of the cross-defendants added the statement

8  to the Purchase Agreement; only Cross-defendants have this knowledge

9          f.      The Purchase Agreement contained the statement, preceded by a

10 hand-checked box, that the fixtures, equipment and assets of the Business would be in good

11 working order at the close of the Escrow and sale of the business to Cross-Complainants. On

12 information and belief, Kwak, An, Jiravat and/or Somporn checked the box preceding the

13 statement or directed that it be checked. Cross-Complainants do not know which of the cross-

14 defendants provided the information reflected in the Purchase Agreement; only Cross-defendants

15 have this knowledge;

16         g.      On or about August 4, 2005, Somporn signed escrow instructions

17 for the purchase and sale of the Business to Cross-Complainants stating that JS Daughters,

18 Somporn, Jiravat and Roes, and each of them, covenanted and guaranteed that all machinery,

19 equipment and assets of the Business would be in good working order upon possession of the

20 Business by Cross-Complainants and, in this regard, JS Daughters, Somporn, Jiravat and Roes,

21 and each of them, provided a full warranty on the condition of said items for a period of thirty

22 days from Cross-Complainants possession of the Business;

23         h.      The escrow instructions signed by Somporn for the purchase and

24 sale of the Business to Cross-Complainants also stated that the Business would be conducted as it

25 had been conducted until Cross-Complainants took physical possession of the Business;

26         i.      Sometime during the first three months of the Escrow, Jiravat,

27 Kwak, An and Somporn met at the Business with Boyd, at which time Jiravat, Kwak and An, and

28 each of them through their statements and conduct, stated to Boyd that the income of the Business

Epstein, Turner & Song
A Professional Corporation
777 S. Figueroa Street
Suite 4950
Los Angeles, CA 90017

- 9 -

FOURTH AMENDED CROSS-COMPLAINT FOR 1) BREACH OF CONTRACT; 2) INTENTIONAL MISREPRESENTATION;
3) NEGLIGENT MISREPRESENTATION; 4) RESCISSION BASED ON FRAUD

G:\GRP\CASES\207-712-02\Pleadings\Boyd Cross-Complaint\4th Amended Cross-Complaint\4th Amended Cross-Complaint.FINAL.doc

1   had not changed from the $62,000 that was represented on the Statement and the Purchase

2   Agreement.  Somporn ratified said statement by her conduct at the meeting; and

3                   j.      During the Escrow, Jiravat represented to Cross-Complainants that

4   crime was not a problem at the Business.

5                   29.     After the close of the Escrow on or about May 4, 2006, Cross-

6   Complainants learned that at the time cross-defendants, and each of them, made the

7   representations stated above, the representations were false, in that the true facts were the

8   following:

9                   a.      The income of the Business was substantially less than represented

10  in the Statement, Purchase Agreement and other documents given to Cross-Complainants by

11  cross-defendants, and each of them, such that said documents did not accurately reflect the

12  income, expenses and sales of the Business;

13                  b.      The Statement did not accurately state the income, expenses or sales

14  of the Business, and that Kwak and An knew that the income, expenses and sales stated on the

15  Statement were not an accurate representation of said items for the Business and that the income,

16  expenses and sales stated in the Statement could not be trusted;

17                  c.      Cross-defendants, and each of them, including but not limited to

18  Jiravat and An, and each of them, knew that the income, expenses and sales information

19  contained in the Purchase Agreement was false when they signed the Purchase Agreement and

20  provided it to Cross-Complainants;

21                  d.      The additional records of the Business provided to Cross-

22  Complainants after signing the Purchase Agreement and before the close of the Escrow, which

23  cross-defendants advised Cross-Complainants should be ignored because they did not accurately

24  reflect the income and expenses of the Business, did in fact more accurately reflect the income,

25  expenses and sales of the Business than the Statement and Purchase Agreement;

26                  e.      JS Daughters, Jiravat, Somporn and Roes, and each of them, had no

27  intention of training Cross-Complainants in the Business;

28

FOURTH AMENDED CROSS-COMPLAINT FOR 1) BREACH OF CONTRACT; 2) INTENTIONAL MISREPRESENTATION;
3) NEGLIGENT MISREPRESENTATION; 4) RESCISSION BASED ON FRAUD

G:\GRP\!CASES\207-712-02\Pleadings\Boyd Cross-Complaint\4th Amended Cross-Complaint\4th Amended Cross-Complaint.FINAL.doc

1    f.    Cross-defendants, and each of them, knew that JS Daughters,

2   Jiravat, Somporn and Roes, and each of them, had no intention of providing Cross-Complainants

3   with fixtures, equipment and assets in good working order at the time of possession of the

4   Business by Cross-Complainants, in that after the close of Escrow, Cross-Complainants learned

5   that:

6           (1) JS Daughters, Jiravat, Somporn and Roes, and each of them,

7   intentionally failed to maintain the plumbing, electrical wiring, boiler, coin changer, water

8   system, water coolers, air conditioning, bathroom appliances, sink, and other systems in the

9   laundry so as to cause a decrease in the income from the Business; and

10          (2) JS Daughters, Jiravat, Somporn and Roes, and each of them, had

11  taken and not provided to Cross-Complainants the following items intended to be part of the

12  Business: 1) Dollar counter; 2) coin changer; 3) washer and dryer parts; 4) a television; 5) a

13  microwave; 6) spare laundry parts, and 7) various office supplies;

14   g.   Cross-defendants, and each of them, knew that JS Daughters,

15  Jiravat, Somporn and Roes, and each of them, had no intention of abiding by the warranty they

16  provided to Cross-Complainants for fixture, equipment and assets of the Business, in that after the

17  close of Escrow, Cross-Complainants learned that:

18          (1) JS Daughters, Jiravat, Somporn and Roes, and each of them,

19  intentionally failed to maintain the plumbing, electrical wiring, boiler, coin changer, water

20  system, water coolers, air conditioning, bathroom appliances, sink, and other systems in the

21  laundry so as to cause a decrease in the income from the Business; and

22          (2) JS Daughters, Jiravat, Somporn and Roes, and each of them, had

23  taken and not provided to Cross-Complainants the following items intended to be part of the

24  Business: 1) Dollar counter; 2) coin changer; 3) washer and dryer parts; 4) a television; 5) a

25  microwave; 6) spare laundry parts, and 7) various office supplies;

26   h.   JS Daughters, Jiravat, Somporn and Roes, and each of them, had no

27  intention of conducting the Business during the Escrow as it had previously been conducted, in

28  that cross-defendants, and each of them, intended to and thereafter did intentionally engage in a

Epstein, Turner & Song
A Professional Corporation
777 S. Figueroa Street
Suite 4950
Los Angeles, CA 90017

- 11 -

FOURTH AMENDED CROSS-COMPLAINT FOR 1) BREACH OF CONTRACT; 2) INTENTIONAL MISREPRESENTATION;
3) NEGLIGENT MISREPRESENTATION; 4) RESCISSION BASED ON FRAUD

G:\GRP\CASES\207-712-02\Pleadings\Boyd Cross-Complaint\4th Amended Cross-Complaint\4th Amended Cross-Complaint FINAL.doc

1    pattern of conduct intended to drive customers away from the Business by failing to maintain the

2    equipment, by failing to provide proper security at the Business and by failing to keep the

3    Business clean and sanitary;

4                    i.      Contrary to their representations during the Escrow, cross-

5    defendants, and each of them, knew that the income of the Business had changed; and

6                    j.      At the time Jiravat stated to Cross-Complainants that crime was not

7    a problem at the Business, cross-defendants, and each of them, including but not limited to

8    Jiravat, knew that crime was a problem at the Business in that cross-defendants, and each of them,

9    knew instances of violent crime had occurred at the Business or in the immediate vicinity of the

10    Business and that there had been instances of petty crime.

11           30.     At the time cross-defendants, and each of them, made the representations

12    stated above to Cross-Complainants, cross-defendants, and each of them, knew of the falsity of

13    the representations and made the representations to Cross-Complainants with the intent to induce

14    and did induce Cross-Complainants to purchase the Business.

15           31.     Each of the representations made by the cross-defendants, and each of

16    them, were material inducements to Cross-Complainants to purchase the Business and were

17    known by cross-defendants, and each of them, to be material inducements to Cross-Complainants

18    to purchase the Business.

19           32.     Cross-Complainants, at the time the representations were made and at the

20    time Cross-Complainants took the actions herein alleged, including but not limited to purchasing

21    the Business, were ignorant of the falsity of the representations and could not, in the exercise of

22    reasonable diligence, have discovered the falsity of the representations.

23           33.     In reliance on cross-defendants' representations, Cross-Complainants took

24    the actions herein alleged, including but not limited to purchasing the Business and paying total

25    cash and consideration in the amount of approximately $895,000.00 for the purchase of the

26    Business.

27           34.     If Cross-Complainants had known that cross-defendants' representations

28    were false, then Cross-Complainants would not have purchased the Business, paid the cash and

Epstein, Turner & Song
A Professional Corporation
777 S. Figueroa Street
Suite 4950
Los Angeles, CA 90017

- 12 -

G:\GRP\CASES\207-712-02\Pleadings\Boyd Cross-Complaint\4th Amended Cross-Complaint\4th Amended Cross-Complaint FINAL.doc

1  consideration in the amount of approximately $895,000.00 for the purchase of the Business or

2  taken the other actions herein alleged.

3       35.    As a direct and proximate result of the intentional misrepresentations by

4  cross-defendants, and each of them, Cross-Complainants have suffered and continue to suffer

5  damages in an amount according to proof.

6       36.    As a direct and proximate result of the intentional misrepresentations by

7  cross-defendants, and each of them, Cross-Complainants have incurred attorneys' fees and costs

8  in an amount according to proof, which fees and costs Cross-Complainants are entitled to recover

9  from cross-defendants, and each of them, pursuant to contract.

10      37.    In committing the alleged acts and misrepresentations, cross-defendants,

11 and each of them, acted knowingly, willfully and with oppression, fraud and malice, and with the

12 intent to permanently deprive Cross-Complainants of their cash, consideration and investment in

13 the Business.  Cross-Complainants therefore are entitled to receive from cross-defendants, and

14 each of them, punitive damages in such amount as shall be determined at trial.

15          **THIRD CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION**

16                    **(Against all Cross-Defendants)**

17      38.    Cross-Complainants hereby repeat and reallege each and every allegation

18 contained in paragraphs 1 through 37, inclusive, hereinabove and incorporate the same herein by

19 this reference as though fully set forth herein.

20      39.    When Cross-Defendants made the representations set forth above to Cross-

21 Complainants, cross-defendants, and each of them, had no reasonable ground for believing that

22 the representations were true.

23      40.    At the time cross-defendants, and each of them, made the representations

24 set forth above to Cross-Complainants, cross-defendants, and each of them, did so with the intent

25 to induce and did induce Cross-Complainants to purchase the Business.

26      41.    Each of the representations made by the cross-defendants, and each of

27 them, were material inducements to Cross-Complainants to purchase the Business and were

28

Epstein, Turner & Song
A Professional Corporation
777 S. Figueroa Street
Suite 4950
Los Angeles, CA 90017

- 13 -

G:\GRP\CASES\207-712-02\Pleadings\Boyd Cross-Complaint\4th Amended Cross-Complaint\4th Amended Cross-Complaint.FINAL.doc

1  known by cross-defendants, and each of them, to be material inducements to Cross-Complainants

2  to purchase the Business.

3        42.    Cross-Complainants, at the time the representations were made and at the

4  time Cross-Complainants took the actions herein alleged, including but not limited to purchasing

5  the Business, were ignorant of the falsity of the representations and could not, in the exercise of

6  reasonable diligence, have discovered the falsity of the representations.

7        43.    In reliance on cross-defendants' representations, Cross-Complainants took

8  the actions herein alleged, including but not limited to purchasing the Business and paying total

9  cash and consideration in the amount of approximately $895,000.00 for the purchase of the

10  Business.

11        44.    If Cross-Complainants had known that cross-defendants' representations

12  were false, then Cross-Complainants would not have purchased the Business, paid the cash and

13  consideration in the amount of approximately $895,000.00 for the purchase of the Business or

14  taken the other actions herein alleged.

15        45.    As a direct and proximate result of the intentional misrepresentations by

16  cross-defendants, and each of them, Cross-Complainants have suffered and continue to suffer

17  damages in an amount according to proof.

18        46.    As a direct and proximate result of the negligent misrepresentations by

19  cross-defendants, and each of them, Cross-Complainants have incurred attorneys' fees and costs

20  in an amount according to proof, which fees and costs Cross-Complainants are entitled to recover

21  from cross-defendants, and each of them, pursuant to contract.

22        47.    In committing the alleged acts and misrepresentations, cross-defendants,

23  and each of them, acted knowingly, willfully and with oppression, fraud and malice, and with the

24  intent to permanently deprive Cross-Complainants of their cash, consideration and investment in

25  the Business. Cross-Complainants therefore are entitled to receive from cross-defendants, and

26  each of them, punitive damages in such amount as shall be determined at trial.

27  ///

28  ///

Epstein, Turner & Song
A Professional Corporation
777 S. Figueroa Street
Suite 4950
Los Angeles, CA 90017

- 14 -

**FOURTH AMENDED CROSS-COMPLAINT FOR 1) BREACH OF CONTRACT; 2) INTENTIONAL MISREPRESENTATION;
3) NEGLIGENT MISREPRESENTATION; 4) RESCISSION BASED ON FRAUD**

G:\GRP\CASES\207-712-02\Pleadings\Boyd Cross-Complaint\4th Amended Cross-Complaint\4th Amended Cross-Complaint FINAL.doc

## FOURTH CAUSE OF ACTION FOR RESCISSION BASED ON FRAUD

### (Against JS Daughters, Somporn, Jiravat and Roes, and each of them)

48.    Cross-Complainants hereby repeat and reallege each and every allegation contained in paragraphs 1 through 47, inclusive, hereinabove and incorporate the same herein by this reference as though fully set forth herein.

49.    Cross-Complainants' consent to their purchase of the Business was procured by misrepresentation and/or fraud and all agreements between Cross-Complainants and JS Daughters, Somporn, Jiravat and Roes, and each of them, including but not limited to the Purchase Agreement and Promissory Notes, are voidable or void.

50.    As a proximate result of the conduct of the cross-defendants, and each of them, Cross-Complainants are entitled to rescind all agreements concerning and arising out of the purchase and sale of the Business, including but not limited to the Purchase Agreement and Promissory Notes, and hereby offer to restore to cross-defendants, and each of them, all of the property received by the Cross-Complainants and in exchange are entitled to the return of all of the consideration received by cross-defendants, and each of them, from Cross-Complainants.

51.    As a direct and proximate result of the conduct by cross-defendants, and each of them, Cross-Complainants have suffered and continue to suffer damages in an amount according to proof.

52.    As a direct and proximate result of the conduct by cross-defendants, and each of them, Cross-Complainants have incurred attorneys' fees and costs in an amount according to proof, which fees and costs Cross-Complainants are entitled to recover from cross-defendants, and each of them, pursuant to contract.

WHEREFORE, Cross-Complainants pray for judgment as follows:

FIRST CAUSE OF ACTION:

1.    For general damages according to proof;

2.    For special damages according to proof;

3.    For attorneys' fees and costs;

4.    For costs of suit herein incurred;

Epstein, Turner & Song
A Professional Corporation
777 S. Figueroa Street
Suite 4950
Los Angeles, CA 90017

- 15 -

FOURTH AMENDED CROSS-COMPLAINT FOR 1) BREACH OF CONTRACT; 2) INTENTIONAL MISREPRESENTATION;
3) NEGLIGENT MISREPRESENTATION; 4) RESCISSION BASED ON FRAUD

G:\\GRP\\CASES\207-712-02\Pleadings\Boyd Cross-Complaint\4th Amended Cross-Complaint\4th Amended Cross-Complaint FINAL.doc

5.    For reduction of the purchase price of the Business based on the actual income;

6.    For such other and further relief as is just and proper.

SECOND CAUSE OF ACTION:

1.    For general damages according to proof;

2.    For special damages according to proof;

3.    For punitive damages in an amount appropriate to punish cross-defendants, and each of them, and deter others from engaging in similar conduct;

4.    For interest at the legal rate;

5.    For attorneys' fees and costs;

6.    For costs of suit herein incurred;

7.    For such other and further relief as is just and proper.

THIRD CAUSE OF ACTION:

1.    For general damages according to proof;

2.    For special damages according to proof;

3.    For punitive damages in an amount appropriate to punish cross-defendants, and each of them, and deter others from engaging in similar conduct;

4.    For interest at the legal rate;

5.    For attorneys' fees and costs;

6.    For costs of suit herein incurred;

7.    For such other and further relief as is just and proper.

FOURTH CAUSE OF ACTION:

1.    For rescission of the agreements between Cross Complainant and cross-defendants, and each of them, including but not limited to the Purchase Agreement and Promissory Notes;

2.    For an order deciding the conduct of sale and the promissory notes cancelled;

Epstein, Turner & Song
A Professional Corporation
777 S. Figueroa Street
Suite 4950
Los Angeles, CA 90017

- 16 -

G:\GRP\CASES\207-712-02\Pleadings\Boyd Cross-Complaint\4th Amended Cross-Complaint\4th Amended Cross-Complaint.FINAL.doc

3.      For an order to cross-defendants, and each of them, instructing them to return to Cross-Complainants all consideration received by them from Cross-Complainants for the sale of the Business;

4.      For general damages according to proof;

5.      For special damages according to proof;

6.      For interest at the legal rate;

7.      For attorneys' fees and costs;

8.      For costs of suit herein incurred;

9.      For such other and further relief as is just and proper.

DATE:        September 29, 2008              EPSTEIN, TURNER & SONG
                                            A Professional Corporation


                                            By: _____
                                            DAVID B. EPSTEIN
                                            MICHAEL R. WEISS
                                            GAIL E. WISE
                                            Attorneys for Defendants and Cross-
                                            Complainants, DARRYL BOYD and
                                            PAULA BOYD

**FOURTH AMENDED CROSS-COMPLAINT FOR 1) BREACH OF CONTRACT; 2) INTENTIONAL MISREPRESENTATION; 3) NEGLIGENT MISREPRESENTATION; 4) RESCISSION BASED ON FRAUD**

**EXHIBIT "B"**

# Exhibit "B"

## Defendant's in State Court Action:

Darryl Boyd, an individual
Paula Boyd, an individual and Does 1-20

## Defendant's in Cross-Complainant(State Court Action):

JS Daughter's Corporation, a California corporation;SOMPORN
RUNGVIVATJARUS, an individual; JIRAVAT RUNGVIVATJAUS,
an individual(sued herein as " Doe 2"); AMERITY INC.,a California
corporation, dba AMERICA REALTY & INVESTMENT,(sued herein
as "Doe 3"); BENJAMIN MOON KAUG HUH,an individual (sued
herein as "Doe 4"), CHUNGMAN HO,an individual, dba AMERICA
REALTY & INVESTMENT(sued herein as " Doe 5"), JAMES KWAK,
an individual(sued herein as "Doe 6");and CKAN,an individual(sued
herein as "Doe 7"); and Does 8 through 30, inclusive

EXHIBIT "C"

### DECLARATION OF PAULA BOYD IN SUPPORT OF RELIEF FROM STAY

I, Paula Boyd, am the movant in this Motion for Relief from Stay

1. If called upon to testify I would testify as to the following based upon my own knowledge and belief.

2. I am the Cross-Complainant in the related non-bankruptcy Complaint which is currently pending in State Court. The matter is currently set for Trial in Department 14 of Los Angeles Superior Court in downtown Los Angeles on November 17, 2014.

3. My Attorney in that action has informed me that if I get this Relief From Stay matter on Calendar that she would bring an Ex-Parte Motion to continue the trial to a date after the relief from stay matter is granted so that Mr. An can participate in the State Court Trial. An Adversarial Proceeding is also being filed in this Bankruptcy which addresses the matters raised in the State Court Complaint.

4. In that the issues are really not bankruptcy issues and involves parties that are not in the bankruptcy the matter can be more efficiently handled in the State Court forum.

5. Enforcement of any Judgment rendered in the State Court proceedings would be stayed until the Bankruptcy Court reviewed it as to it's dischargeability under applicable Bankruptcy Laws.

6. Mr. An, the debtor is a necessary party in terms of proving my case against the seller in the State Court matter in that he has admitted being the party who drafted the financial documents which were presented to me and upon which I relied in deciding to go forward with my purchase of the business.

7. I respectfully request that the court grant the relief from stay motion so that the State Court matter can proceed with all necessary parties before the State Court at one time.

I make this declaration under penalty of perjury under the Laws of California. Executed in Altadena, California this 12th day of November 2014.

Paula Boyd

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2476 N. Lake Ave, Altadena, Ca 91001

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 11/13/2014 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 11/13/2014 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
The Honorable Sheri Bluebond
255 East Temple Street, Suite# 1482/ Crtrm 1475
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/13/2014 | D. Gray | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 9                              F 4001-1.RFS.NONBK.MOTION

# SERVICE LIST

Sylvia S. Lew, Esq.
Law Offices of David Tilem
206 North Jackson Street, Suite# 201
Glendale, CA 91206

Robert H.McNeil , Jr. Esq.
Ivie, McNeil & Wyatt
444 South Flower Street, 18th Floor
Los Angeles, CA 90071

Tommy SF Wang, Esq.
YANG & WANG, PC
355 South Grand Ave, Suite# 2450
Los Angeles, CA 90017

David Kim, Esq.
3731 Wilshire Blvd, Suite# 910
Los Angeles, CA 90010

Kelly R. Cha
3435 Wilshire Blvd., Suite# 2550
Los Angeles, CA 90010

Chin Kun An
116 S. Witman Street#208
Los Angeles, CA 90026

John J. Menchaca(TR)
835 Wilshire Blvd, Suite#300
Los Angeles, CA 90017