# FOR PUBLICATION



**FILED & ENTERED**

**MAR 12 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** kaaumoan **DEPUTY CLERK**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Chin Kun An<br><br><br><br><br>Debtor(s). | Case No.: 2:11-bk-46346-BB<br><br>CHAPTER 7<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(No hearing required) |

On February 18, 2015, this Court entered its "Memorandum Decision Denying Motion of Creditor Paula Boyd for Relief from Discharge Injunction to Prosecute Action in Nonbankruptcy Court" (the "Original Opinion") on the main case docket in the above chapter 7 case.  Based on the reasoning set forth in the Original Opinion, the Court entered two additional orders on February 18, 2015 (the "February 18 Orders"):  one denying the motion of creditor Paula Boyd (the "Creditor") for Relief from the Discharge Injunction [docket no. 46 in the main case]; and one dismissing the adversary proceeding that the Creditor commenced on November 18, 2014 (adversary no. 2:14-ap-01754) [docket no. 9 in the adversary proceeding].

On March 2, 2015, the Creditor filed its "Motion for Reconsideration of Court's Odrer [sic] Entered on February 18, 2014 [sic] and Declaration of Danielle Crozier in Support Thereof" (the "Motion") on the docket in the adversary proceeding.  Although the Creditor filed the Motion in the adversary proceeding, the Court interprets the Motion as seeking reconsideration of the Original Opinion and both of the February 18 Orders.  Accordingly, this order will be entered on both the main case docket and on the docket in the adversary proceeding.

Although the Motion claims that it is based on "new and different facts," Motion, p. 2, lines 3-4, and on "a misunderstanding of law which was filed but not fully read by the Court before rendering it's [sic] decision," this is not correct.  There are no new facts contained in the Motion, and the Court fully read and considered all papers and arguments advanced by the Creditor before rendering the Original Opinion.  Nothing contained in the Motion constitutes a basis upon which the Court should reconsider its original rulings.

It appears from the Motion that the Creditor believes the Court is confused as to what occurred on November 17, 2014.  It is not.  There is no dispute, and the Original Opinion readily acknowledged that the Creditor did in fact file a complaint on the docket in the main bankruptcy case on November 17, 2014.  See Original Opinion, p. 4, lines 11-12 ("The Court takes judicial notice of the fact that Creditors filed electronically in the underlying bankruptcy case on November 17, 2014 a pleading that appears on the main case docket . . . .) This has never been in dispute.  The problem is -- and remains -- that the Creditor did not commence an adversary proceeding on that date:  no filing fee was paid; no adversary number was assigned; and no adversary docket was created.  In the additional declaration filed in support of the Motion, Ms. Crozier again details the steps that she took to file the complaint on November 17, 2014 and the fact that she did not realize that she had used the wrong event code until the following day.  She did successfully file the complaint on November 17, 2014, but she did so in the main case.

1    She did not commence a new adversary proceeding.  That did not occur until November
2    18, 2014.
3           At the evidentiary hearing that the Court conducted on February 11, 2015, Ms.
4    Crozier testified orally that she was aware on the evening of November 17, 2014 that
5    there was a problem because the Court's electronic filing system did not ask her for a
6    filing fee and did not give her a new adversary case number.  Nothing in the
7    supplemental declaration refutes this testimony.  Therefore, nothing in the Motion
8    constitutes any new fact upon which the Court should reconsider its factual finding that
9    the Creditor did not in fact commence an adversary proceeding on November 17, 2014
10   and that Creditor's counsel was aware at the time that she had not done so.
11          Further, there is nothing in the Motion sufficient to warrant reconsideration of the
12   Court's alternate conclusion that the Creditor has not shown that her failure to
13   commence the action in a timely manner was the result of excusable neglect.  After
14   hearing the testimony of Ms. Crozier and having reviewed and considered all of the
15   declarations and memoranda that the Creditor has filed in this matter, the Court made a
16   factual finding that Ms. Crozier did not commence an adversary proceeding on
17   November 17, 2014 and actually knew that she had not done so -- she knew that the
18   Court does not open a new adversary proceeding without charging an adversary filing
19   fee and that, when a new adversary proceeding is opened, a new adversary number is
20   assigned.  Neither of these things happened.  She therefore notified counsel for the
21   Creditor and told him of her concerns, but it was already approximately 6:30 p.m. and
22   she was already working overtime.  She knew that she had filed the complaint (without
23   the voluminous exhibits) but was not sure what to do.  Counsel for the Creditor told her
24   to give him the complaint and the exhibits and that he would file it/them the following
25   day.  The problem is not that Ms. Crozier used the wrong event code to file the
26   complaint.  Therefore, the fact that she did not know she had used the wrong event
27   code until the following day, as explained in the supplemental declaration, is irrelevant.
28   The problem is that she did not commence a new adversary proceeding by the

applicable deadline. The Court found that these facts do not constitute excusable neglect.

For the reasons set forth in the Original Opinion, the Court remained (and remains) skeptical that a showing of excusable neglect should suffice to render the belated filing timely in this case. Nevertheless, assuming that such a showing would have a salutary effect here, the Court remains persuaded that the Creditor has not demonstrated excusable neglect on these facts.

In Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997), the Ninth Circuit adopted the standard for a showing of excusable neglect articulated by the Supreme Court in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). In evaluating this standard, Courts are required to examine four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. These factors must be evaluated and weighed on a case-by-case basis, and there is no automatic mathematical formula that determines whether a given fact pattern constitutes excusable neglect.

In this case, the Creditor views the relevant delay as less than 24 hours, and, therefore, the prospect for prejudice to be insignificant, but this approach ignores the bigger picture. The creditor has known of the existence of the bankruptcy case since October of 2012. The parties have been arguing about whether the Creditor's claims have been discharged and whether or not a discharge injunction applies since then. The debtor finally brought this matter to a head by bringing a motion to reopen his bankruptcy case and for sanctions for violation of the discharge injunction in August of 2014. The Court first heard this matter in September of 2014 and issued an order on September 17, 2014 setting a final deadline for the commencement of a nondischargeability action of November 17, 2014. That order made clear that, if a nondischargeability action was not commenced by that date, it would be forever barred.

The Creditor had years to bring a nondischargeability action, but failed to do so, instead putting the burden on the debtor to bring this matter before the Court. To ensure that this dispute would not drag on further, the Court set what it intended to be a final "once-and-for-all" deadline of November 17, 2014. There was no reason for the Creditor to wait until the very last day to attempt to commence the action. Nor was there any reason for the Creditor to have failed to take the steps necessary to commence an adversary proceeding on the evening of November 17, 2014. Based on the testimony given at the evidentiary hearing, the Court found that the Creditor's counsel understood that an adversary proceeding had not been commenced while there was still time to correct the error and commence the action. Counsel nevertheless decided that having merely filed the complaint on the docket in the main case before the deadline was good enough, even though no adversary proceeding had been commenced in a timely manner.

Therefore, although the prejudice here is no different than the prejudice that results whenever a party is required to defend an action that would otherwise have been time-barred, in the context of the larger delay that preceded the eventual filing and the lack of any reason for the failure to file in a timely manner, the Court does not consider the neglect in question to have been excusable, even for a Creditor that the Court presumes is acting in good faith. Accordingly, there is no reason for the Court to reconsider or alter the Original Opinion or the February 18 Orders entered based on that opinion.

In light of the foregoing, the Motion is DENIED.

###

Date: March 12, 2015

Sheri Bluebond
United States Bankruptcy Judge

Case 2:11-bk-46346-BB    Doc 50    Filed 03/12/15    Entered 03/12/15 10:22:03    Desc
Main Document    Page 6 of 6